The first case this afternoon is 411-0939, New Jersey State Bank & Trust v. Shumaker et al. For the appellant is David Petchkoll, for the appellee is Paul Presley. Mr. Tolle, you may proceed. May it please the court, I am David Petchkoll. I am here on behalf of the defendants, Angela Shumaker, Clifford James, Robert, and Sharon Shumaker. And as the court knows, we are here today on the appeal of a summary judgment that was granted to the bank on count one of their complaints, holding the four individuals liable on the corporation, the All-Stars Corporation's note. The judgment is also against the All-Stars Corporation, but that portion of the judgment is not on the appeal. We raised basically two main areas of argument. The first being that the bank was the first party to breach the stipulation of consent decree and therefore cannot take advantage of the terms that are to its benefit. And the other area of argument basically is that the stipulation of consent decree does not have to be interpreted as a matter of law to hold these four individuals personally liable. With regard to that argument, basically, if you look at the stipulation and consent decree, in paragraph one it very clearly sets out specific amounts that are owed by the All-Stars Corporation on two separate notes. In paragraph one, that's at page 89 of our brief. It does not state that any of these four individuals owe such amounts, and it continues on in paragraph two to provide that certain payments are to be made by the All-Stars Corporation. It also continues and provides that certain payments due on other loans owed by John and Angela Shoemaker, which are separate personal loans, which are separate of a pending litigation in Morgan County, sets out payments to be made there. And then it goes on in paragraph seven and provides that the failure of John and Angela Shoemaker to make those payments would cause a default or cause a forfeiture of obligations of All-Stars referred to in this agreement as of paragraph seven. And again, significantly, it nowhere states that it's going to cause a forfeiture of obligations of the four individual defendants here. And that really is the crux of our argument is that the stipulation and consent decree that the bank is relying on to hold these four individuals liable nowhere says that these amounts are owed by the four individuals or that these amounts are payable by the four individuals that are the defendants here today. The other issues in looking at the liability that's been imposed on these four individuals, the note signature addendum, which we've attached to page 814 of our... Who is the consent decree supposed to apply to? I mean, it says it applies to the basically the defendants. I mean, in introduction, it refers to defendants by the counsel John Normand would be parties to it. These four individuals would have been parties at that time, but what we're arguing is that nowhere in here does it say that these amounts are owed by them. And I guess that's one of the issues that I'd like to clarify. We're not arguing that the circuit court lacks the authority to enforce the stipulation consent decree or that lacks the ability to interpret the stipulation consent decree. What we're taking issue with is just how it's being interpreted here. You know, I think it's clear that... You didn't answer my question. Who did the consent decree apply to? Well, it would have. I suppose it would have applied to everybody who was a party at the time. And who is that? Well, it would have been the All-Stars Corporation, John Shoemaker, Angela Shoemaker, Clifford James, Robert and Sharon Shoemaker. There's another corporation, BJC Development, Inc., and then Brett Cumming and Matt Manti, who were shareholders in the corporation. So then they were parties to the consent decree? Correct. Did the consent decree bind them? Yeah. I mean, we're not disputing that it would not bind them. What's the dispute? I'm not sure I understand. The dispute would be as to whether these four individuals are personally responsible for the amounts that are stated in the consent decree as being owed by the All-Stars Corporation. Paragraph 1, it states that the amounts are owed by All-Stars Corporation. It does not state that that amount is owed by these four individuals. And again, it goes on to very clearly, specifically sets out certain amounts that are owed by John and Angela Shoemaker personally on some other notes. But again, you know, there's no reference to these four individuals owing this corporate note. And again, where it provides in paragraph 2, as far as the payments that are being made by All-Stars, it does not provide that those payments are due from the four individuals. What's their signature doing on the note then, I guess is my question. What does that mean? I guess our position would be that that's an open question or a question of fact as to what that means. And again, if you look at the note signature addendum, it just says note signature addendum and it's got four signatures on it. It doesn't even reference what note that it applies to. There's no identification on there. If you contrast that to the page 815 in our appendix, the loan covenant addendum that you had the three shareholders sign, that very specifically identifies the loan number that applies to it. It very specifically states what it is that the three shareholders are being asked to agree to it. Well, is it your position that these four people just signed a piece of paper with their signature lines and it was never attached to a note or a consent decree or anything of that nature? Correct. So it was never attached to a consent decree? Well, right. I don't believe that anything was attached to the consent decree when it was entered. I believe that if a consent decree was entered and it referenced the other documents, but it did not attach any other documents to it. And again, it's our position that if the bank was intending to make these four individuals fully liable on that, that it would have been a very simple matter back in 2006 to include in Paragraph 1 that the amount due from All-Stars on loan number 16640 is $695,815 and that set amount is also due from Angela Shoemaker, Clifford Jane Brunk, and Sharon Shoemaker. And again, in Paragraph 7 where it talks about the failure of John and Angela to make the disputed payments on their personal loans causing a forfeiture of obligations of All-Stars, again, if it was intended that these four individuals were fully liable, equally liable as makers on that note, I don't understand why the bank did not include in Paragraph 7 that it would cause a forfeiture of obligations of All-Stars, Angela Shoemaker, Clifford Jane, and Sharon Shoemaker. What's your construction of the document they signed? What does it all mean? My construction of the note signature addendum, four signatures, Angela Shoemaker, Clifford Jane, Robert Shoemaker, and Sharon Shoemaker. What was this appended to? I mean, the defendants dispute that it was appended to anything. I don't want to go beyond what's in the record. Let me ask this question then. These four people are your clients. Correct. And they signed their names for something. Is it your position it was just a blank piece of paper not appended to anything? That's my understanding of what their position is. I mean, there's some dispute as to whether or when that was signed and also whether or what it was attached to. That was my question. What is your position as to what it was attached to? What did you suggest to the court? My suggestion to the court is that it's unknown and that it should be the subject of some further... Well, see, this is the first time I can remember, in the summary judgment context, the precise language. A genuine issue of material fact. Normally, I think, people read beyond that word genuine. I think maybe here we have an example where we shouldn't do so. So was the court, and is this court, presented with a genuine issue of material fact? That is, if on the one hand we have the position of the bank that this was attached to and that's what it all means, and on the other hand we have, well, they just signed documents apparently and who knows what it means or what, if anything, it was attached to. At that point, I'm not sure we have a genuine issue. Well, but it would be our position that the language of the stipulation consent decree itself... Well, that's... ...supports it. That's a different... That's a genuine issue because, I mean, if the understanding when this was entered into back in 2005 or 2006 was that these four individuals were makers of this note, I don't understand why it was not included in the stipulation consent decree that these amounts were owed by those four individuals as well as by All-Stars and that the failure to make the payments would cause... Well, in retrospect, I don't think there's any question about it could have done better and more clear to avoid any question even being raised, but that doesn't answer the question of compared to what. What did you argue to the general judge? What are you arguing to us that the signed document means or was attached to? If it's just, you know, it's a strange thing and people just go around signing their names to documents and we don't know and, you know, who knows? If that's the response, I don't think we have a genuine issue with consent. Okay. Maybe I'm mischaracterizing your response. What did you argue to the trial court? What are you arguing to us that that document, as Sam showed you, was affixed to? I mean, it was affixed to... As my understanding, it was affixed to the complaint when that was filed as a, you know, when the exhibits were filed with the complaint in the... But not to the consent decree. Right. My understanding, nothing was attached to the consent decree. I mean, that's my... Or referred to. That's not what that means. Well, it does. I mean, the consent decree does refer to other evidences of indebtedness, security instruments, that type of thing. I mean, our position is that that note signature addendum does not... When it's signed by four individuals who are not officers of the corporation, they're not shareholders of the corporation, they're not employees of the corporation, and there's nothing, there's no language on there saying that, you know, we four individuals are personally guaranteeing this corporate obligation, we four individuals acknowledge that we are liable as makers of this corporate obligation. There's not even anything on that page that says that this signature addendum applies to loan number 16640. Did the bank file an affidavit? No. And that's one of our, you know, one of the other issues, you know, that we argue. The bank has not filed affidavits in support of the summary judgment motion either, so it's, you know, the bank has argued that we cannot rely on some of the issues that we've asserted if they're not supported by affidavits. I think the case law is fairly clear that if they have not resolved those issues through their own affidavits that, you know, the non-moving party can't rely on those. The moving party first has to come forward with their own affidavits to resolve those issues. So there's no affidavit from the bank officer saying these four people signed this notice to guarantee it or anything? That's correct. And, you know, again, the, you know, that really dovetails with our argument that to hold these four individuals who are not even shareholders of the corporation, I mean, it's, you know, and again, I recognize that you're not fully satisfied with just saying that this is a, you know, a highly unusual situation, but you do have an instance where it's claimed that these four individuals who are not shareholders are personally responsible for the vast majority of the corporation's debt where the, you know, the three shareholders at the time were not, were only liable for, I believe, about $19,000 of the corporation's borrowing. And it just, you know, it just seems that there are some factual questions or some questions that remain there as to what, you know, what was intended by this and what the effect of this is and, again, the fact that the, you know, stipulation of consent decree itself, you know, very easily could have, you know, because it did set out specific amounts owed by the corporation, specific amounts owed by John and Angela Shoemaker on some other debts and, you know, it would have been a very easy matter to say that these four individuals are personally liable on this, you know, on this note. Anything further? You know, I think that, you know, again, with regard to, you know, where we, the other side of the argument that we've raised that the, you know, the bank breached the stipulation agreement first and, therefore, cannot enforce it against the, you know, the defendants here. Again, as there are no affidavits on either side, I believe that those, you know, those issues. Don't you need something to establish a breach? When you say there's no affidavits on either side. Well, I think the fact that they have to put forth an affidavit, we didn't breach it? I believe that, I mean, where it's been asserted that they failed to provide the full releases that they were required to by the stipulation agreement that they, you know, in this case, if they want a summary judgment, they should have come forward with an affidavit that says we did provide the full releases and, you know, this is the, you know, the legal effect of what we, you know, what we offered. And that has not occurred. Why, if you're challenging the bank on the grounds that they breached, why didn't you provide an affidavit with some support of what the breach was? You know, I guess as I stand here today, you know, in hindsight, maybe that should have been done. But I think as a legal matter, I don't think that it's, you know, as they don't have their own affidavits resolving or addressing their alleged breach, I don't think that we were obligated to, you know, file counter affidavits when there's no affidavit in support of the moving party. So they have to allege a non-breach first? Well, they would, I mean, the fact that... I mean, if there was a breach here that you claim the hearing on a motion for summary judgment, where is the support? It should be an easy thing to set forth with an affidavit under the statute and rules for consideration. Right, but again, due to the fact that the alleged breach had been raised... Well, it really hasn't. I mean, it's amusing to talk about a raise. You're musing about the possibility of it. There's no affidavits, evidentiary matters supporting any such claim. Right, but I think under the, you know, and the bank argues that Carother's case, that in that case summary judgment is appropriate. But I think that Carother's case, you know, this is a completely different context, because in that case the moving party did have their own supporting affidavit. So that case is out of context in what we're looking at here. Let's go back to the July 2006 stipulation and consent decree, okay? Okay. Your clients were then represented by counsel, is that right? Correct. Not just All-Stars Auto Sales, not just John and Angela, but Clifford James, Robert Shoemaker, Sharon Shoemaker, all represented by counsel. By the same counsel, John Marmot? Yes. Is that right? That's my understanding, yes. And they entered into a stipulation and consent decree. That means your clients entered into a consent decree that these monies will be paid. Is that right? Right. Will be paid by All-Stars and are owed by All-Stars. Why were these people defendants then? They were alleged to have, I mean, there are some other additional documents as far as mortgages and some other guarantees and security instruments that are subject to the other 15 counts that are not, you know, they're not subject to count one. I mean, there are 16 total counts pled. And we're here just on the note that it's subject to count one. You'll have a chance to address this again in rebuttal, counsel. Okay, thank you. Mr. Presby? Please, the court. Counsel? Thank you. Yes, we did not. Let's get directly to the matter. The bank did not file affidavits. The bank relies on the admissions of the defendants. And if you take a look at item 10 of the stipulation and consent decree, it states that all notes given to the bank by the respective defendants shall remain in full force and effect and may be relied upon by the bank as being in full force and effect and as collateral for the unpaid balance due the bank from time to time remaining unpaid. The stipulation and consent decree sets out the admission of the named defendants that are the appellants here indicating an obligation for the debt. If you take a look at the note itself on C357, the note, it says, refer to attached signature addendum incorporated herein for additional borrows for their signature. And the signature addendum then is the addendum we're looking at at C59. That wouldn't have hurt to include their names. I would agree. In hindsight, it would have been nice to include their names. I don't disagree. Sorry, we're going to have this argument about it's the documents floating in the ether that's unattached. I don't disagree. That, in hindsight, would be nice to include their names. But at least we did include the reference in section 10 that did indicate that. There's no dispute that the amount remains unpaid. There's no dispute as to the amount itself. The bank has basically reached its material evidence for summary judgment. It's evidentiary fact and relies on the stipulation and consent decree itself, which has that information in there. The defendants do not have the right to re-argue the consent decree under additional counsel, as they now hope to do. The defendants are bound by their admissions in the consent decree, as entered under their prior counsel, John Narmon. If they didn't wish to be bound, they should not have signed the consent decree or should have extricated themselves as signatories from the consent decree. Relative to the general objections of counsel that are kind of in the nature of an affirmative defense relative to the breach of the bank, I would put forth to the court that we do not have to deny or disprove a mere assertion. The question is whether or not there is evidentiary fact presented by the defendants in this litigation that supports a question of fact. The assertion of a question itself does not create the question. There has to be some evidence of material fact. We've had six years to plead evidence of material fact in this case. The defendant's reply brief relies heavily on Freison v. McGee, which talks about the fact that a verified answer, though not an affidavit, might be able to sustain a question of fact. Here, although the plaintiffs have filed a verified complaint, we do not have a verified pleading of any nature from the defendants in this litigation. In fact, if you want to look at the docket and the court record, we technically don't even have a defendant's answer. We do have a response to a motion for enforcement of the consent decree, but we don't have your basic admit and deny answer in the complaint at all. So Freison, which deals with a verified answer, simply doesn't apply here. We don't have verified pleadings from the defendant, and technically we really don't have an answer. I believe that the summary judgment is sustainable by the court. Thank you. Okay. Thank you, counsel. Mr. Hall, anything to rebut, sir? I give you your honor that the question was raised. Thank you very much, counsel. We'll take this matter into advisory during recess.